# DIEFENBACH, PLLC

ATTORNEYS AND COUNSELORS AT LAW

55 BROAD STREET, 27TH FLOOR, NEW YORK, NEW YORK 10004-2501
TELEPHONE 212.981.2233  FACSIMILE 646.867.1150

January 25, 2018

**VIA ECF and BY EMAIL (ALCarterNYSDChambers@nysd.uscourts.gov)**

Hon. Andrew L. Carter, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

RE:  *Tot v. eClinical Works, LLC*, No.: 1:17-cv-08938-ALC

Dear Judge Carter:

Pursuant to this Court's rules, plaintiff Kristina Tot, as administratrix of the estate of Stjepan Tot, responds to the January 22nd letter from defendant eClinical Works, LLC ("eCW") requesting a pre-motion conference. For the reasons that follow, there is no need for the parties to engage in expensive and time-consuming motion practice at this stage of the proceedings. First, Ms. Tot has stated an injury-in-fact. eCW relies on *Doe v. Quest Diagnostics, Inc.* No. 15 Civ. 8992 (LGS), 2017 WL 1102663 (S.D.N.Y. Mar. 23, 2017), which actually supports Ms. Tot's claims. There, Judge Schofield found that while "intangible harms, although not as easily recognizable as concrete injuries, may satisfy" the standard under *Spokeo, Inc. v Robbins, Inc.*, 136 S. Ct. 1540 (2016), plaintiff had alleged no such injury. Here, Ms. Tot has alleged that her father's estate and millions of other Americans can no longer rely on the integrity of their medical records as a direct result of eCW's conduct (see ECF No. 1, at inter alia ¶¶ 1, 7, 8, & 62.), thereby meeting the standard under *Spokeo* and *Lujan* of a concrete injury-in-fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Spokeo, supra.*; *Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 382 (2d Cir. 2000)(finding a credible threat of litigation to constitute an injury-in-fact).

Second, eCW's argument over Ms. Tot's fiduciary duty claims is one of fact, not law. A fiduciary relationship arises ''where one [person] is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relations.'' *Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595, 599 (2d Cir. 1991) (citing *Mandelblatt v. Devon Stores, Inc.*, 132 A.D.2d 162, 168, 521 N.Y.S.2d 672 (1st Dep't 1987)). This is a factual inquiry, requiring that the fact-finder consider "whether a non-contractual duty was violated; a duty imposed on individuals as a matter of social policy, as opposed to those imposed consensually as a matter of contract agreement.'' *Apple Records, Inc. v. Capitol Records, Inc.*, 137 A.D.2d 50, 55, 529 N.Y.S.2d 279, 282 (1st Dep't 1988). As alleged, eCW had and has a duty to act on behalf of patients to preserve and protect their medical records in such a way that patients can rely on the

Hon. Andrew L. Carter
January 25, 2018
Page 2 of 2

integrity of those records. See ECF No. 1, at ¶¶ 15-23, 45, 50, 55, 58, & 75. That duty is inscribed as a matter of social policy in the statutory law Ms. Tot alleges eCW violated, see Pub.L. No. 111–5, Title XIII, 123 Stat. 226 (2009). (The federal government pursued and resolved a false claims action against eCW on that precise subject, see *U.S. v. eClinical Works, LLC*, No. Case No. 2:15-CV-00095-WKS (D. Vermont).) In her complaint, Ms. Tot has alleged facts that eCW breached that duty and that Mr. Tot's estate and millions of other patients have been injured as a direct result. See ECF No. 1, at ¶¶ 1, 7, 8, & 62.

Third, eCW contends that as a matter of law the nationwide class allegations should be stricken because "the need to apply multiple states' laws" precludes a nationwide class. This requires a conflict-of-law analysis (including a determination about which states the putative class members reside in) which, on a class basis, is made at the time of the motion for class certification – not on a motion to dismiss. *Johnson v. Nextel Communications, Inc.*, 780 F.3d 128, 135, 140-141 (3d Cir. 2015); *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 588-589 (9th Cir. 2012).

Fourth, eCW raises jurisdictional objections. To the extent the Court wishes to entertain these unfounded objections, Ms. Tot is prepared to discuss a transfer of this matter to the District of Massachusetts, which has before it another pending Class Action against eCW. Transfer would, of course, obviate these objections as well as any need for this Court to rule on a dismissal motion on the merits.

Last, Ms. Tot is confident that an amended complaint would cure any supposed defect eCW points to. Under F.R.C.P. 15, Ms. Tot enjoys one amendment of her complaint as a matter of right. The correct disposition by this Court at this time (short of transfer) is to permit amendment to cure any perceived defects in the operative pleading.

Respectfully,

DIEFENBACH PLLC

Gordon Price Diefenbach

cc:  George A. Zimmerman, Esq.
     Skadden Arps, Slate, Meagher & Flom, LLP
     Four Times Square
     New York, NY 10036-6522

     Steven E. Armstrong, Esq.
     26 Broadway, 17th Floor
     New York, NY 10004